IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 10-40051-01-RDR**

THOMAS CHRISTIAN O'NEILL,

        Defendant.

---

**O R D E R**

On April 6, 2011, the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court during that hearing.

The defendant entered a plea of guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The defendant raised one objection to the presentence report in a sentencing memorandum. He contended that the amount of drugs attributable to him was 125 grams of methamphetamine. He asserted this was the amount that he bought and sold during the three months that he was connected with Jason Vermillion. This amount, he asserted, places him at an offense level of 26 with an adjusted level of 23. He thus argued that his Guideline range should be 51 to 63 months, rather than the calculated range of 151 to 188 months. He contended the court should sentence him to 60 months, the mandatory minimum in this case. The government contended that the presentence report had properly calculated the amount of drugs

attributable to the defendant. The government believed the Guideline range of 151 to 188 months had been properly calculated. The government did, however, suggest that a downward variance to 108 months was appropriate in this case.

At the sentencing hearing, the court heard testimony from Chad McCary, a police officer with the Salina Police Department. Officer McCary investigated the drug conspiracy of which the defendant was a part. Officer McCary conducted his investigation during the period from May to November of 2009. He discovered during that time period that substantial quantities of methamphetamine were being delivered from Wichita to two individuals in Salina: Jason Vermillion and Brianna Jacobson. He determined that 30 to 100 pounds of methamphetamine were delivered to and distributed in Salina. The defendant was involved in the drug conspiracy from September to November 2009. During that time period, 10 to 20 pounds of methamphetamine were distributed in Salina. The defendant was a lower level distributor in the conspiracy. He purchased methamphetamine from Vermillion and from an associate of Jacobson. He used some of what he purchased and sold the rest. Although he did not have a decision-making role in the conspiracy, the defendant was aware of the various participants in the operation and their goals.

The Sentencing Guidelines require that all relevant conduct be considered at sentencing. See U.S.S.G. § 1B1.3. "The government

has the burden of proving the quantity of drugs by a preponderance of the evidence." United States v. Gigley, 213 F.3d 509, 518 (10th Cir. 2000). "The drug amount attributable to a defendant for purposes of sentencing is not established merely by looking to the amount of drugs involved in the conspiracy as a whole," but only to "the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the conspirators." United States v. Roberts, 14 F.3d 502, 522 (10th Cir. 1993) (quoting United States v. Castaneda, 9 F.3d 761, 769-70 (9th Cir. 1993), cert. denied, 511 U.S. 1041 (1994)). Evidence of that amount must possess a "minimum indicia of reliability." United States v. Coleman, 947 F.2d 1424, 1428 (10th Cir. 1991); see U.S.S.G. § 6A1.3(a).

After carefully considering the evidence offered, the court determined that the presentence report had properly found that the defendant was responsible for 5.4 kilograms of methamphetamine. The government sufficiently demonstrated the defendant's involvement in the drug conspiracy. The defendant was not a mere consumer of methamphetamine, but rather was a lower level dealer who purchased methamphetamine from a high-level source for distribution. The defendant was responsible for amounts of methamphetamine more than simply the two purchases he made from the informant. As a conspirator, he was responsible for the quantity of drugs which he reasonably foresaw or which fell within the scope

of his particular agreement with the other conspirators. Accordingly, the court finds that the presentence report was accurate.

With this finding, the defendant's Guideline range was 151 to 188 months. After considering the government's recommendation, as well as the factors under 18 U.S.C. § 3553, the court decided that a period of incarceration of 108 months was appropriate.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2011 at Topeka, Kansas.

                                 s/Richard D. Rogers
                                 United States District Judge